1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ROHRER BROTHERS, INC.,

11              Plaintiff,                    No. CIV S-10-3390 GEB CMK (TEMP)

12         v.

13    SUPER FRESH WHOLESALE FOODS          FINDINGS AND RECOMMENDATIONS
      INC., et al.,.
14
                Defendants.
15    _____/

16              Plaintiff's motion for default judgment was submitted on the papers.  Plaintiff's

17    counsel has submitted a declaration wherein he avers that on or about February 8, 2011,

18    defendant Howard Hartman, III, telephoned counsel and inquired as to why he was being sued.

19    Defendant advised plaintiff's counsel that he intended to seek legal counsel in connection with

20    defending this action.  The court's docket reflects that defendants have not filed any motion for

21    relief from the Clerk's Entries of Default despite being served with notices of the request for

22    entries of default.  Nor has any opposition to plaintiff's motion for entry of default judgment

23    been filed.

24              For the reasons set forth below, the undersigned recommends that plaintiff's

25    motion be granted and that default judgment be entered against defendants.

26    /////

BACKGROUND

Plaintiff Rohrer Brothers, Inc. is a dealer in perishable agricultural commodities with a principal place of business located in Sacramento, California.  During the months of May 24, 2010 through September 7, 2010, plaintiff sold to defendants in interstate commerce various wholesale lots of perishable agricultural commodities.  After all credits, the principal sum remaining due to plaintiff is $10,323.01.

The record reflects that defendants were properly served with process on January 7, 2011 and defaults were entered on February 1 and 9, 2011.  (Doc. Nos. 7, 14, 16.)  On March 8, 2011, plaintiff filed a motion for default judgment.  (Doc. No. 18.)

LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for entry of default judgment.  Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.  Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing.  Dundee, 722 F.2d at 1323.  Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means.  Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion.  Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089, 1092 (9th Cir. 1980).  The court is free to consider a variety of factors in exercising its discretion.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Among the factors that may be

considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

ANALYSIS

I.  Whether Default Judgment Should Be Entered

The factual allegations of plaintiff's complaint, taken as true pursuant to the entry of default against defendants, and the affidavits submitted in support of the motion for summary judgment establish the following circumstances:  Plaintiff Rohrer Brothers, Inc. is a dealer in perishable agricultural commodities with a principal place of business located in Sacramento, California.  During the months of May 24, 2010 through September 7, 2010, plaintiff sold to defendants in interstate commerce various wholesale lots of perishable agricultural commodities. After all credits, the principal sum remaining due to plaintiff is $10,323.01.  Under the Perishable Agricultural Commodities Act ("PACA"), a statutory trust has been created in which defendants herein, the produce buyers, as trustees, hold their produce-related assets in trust as a fiduciary until full payment is made to the produce seller, trust beneficiary.  7 U.S.C. § 499e(c).  The trust claim has been preserved because the statutory trust notice language was included on the face of each invoice.  7 U.S.C. § 499e(c)(4); Granja Decl., Exh. C.  Attorneys fees and interest are also appropriately awarded under the PACA.  Middle Mountain Land and Produce, Inc. v. Sound Communities, Inc., 307 F.3d 1220, 1222-25 (9th Cir. 2002); Granja Decl., Exh. A (contractual provision for interest and attorneys fees).

After weighing the Eitel factors, the undersigned finds that the material allegations of the complaint support plaintiff's claims.  Plaintiff will be prejudiced if default judgment is denied because plaintiff has no other recourse for recovery of the damages suffered

3

1    due to the defendants' failure to pay for agricultural commodities received by them.

2              In light of the entry of default against the defendants, there is no apparent

3    possibility of a dispute concerning the material facts underlying the action.  Nor is there any

4    indication that the defendants' default resulted from excusable neglect, as defendants have been

5    properly notified of the pendency of the lawsuit and have acknowledged they are aware of the

6    pending action.

7              Although public policy generally favors the resolution of a case on its merits, the

8    defendants' failure to make a proper appearance and defend against plaintiff's claims has made a

9    decision on the merits impossible in this case.  Because most of the <u>Eitel</u> factors weigh in

10   plaintiff's favor, the undersigned, while recognizing the public policy favoring decisions on the

11   merits, will recommend that default judgment be entered against the defaulted defendants.

12   II.  <u>Terms of Judgment to Be Entered</u>

13             After determining that entry of default judgment is warranted, the court must next

14   determine the terms of the judgment.  Upon consideration of all of plaintiff's briefing, the

15   undersigned will recommend that damages be awarded  in the amount requested.

16             By its motion for default judgment, plaintiff seeks a judgment in the principal sum

17   of $10,323.01, interest from September 8, 2010, to the date of judgment at the rate of $5.09 per

18   day, reasonable attorneys fees in the sum of $1,137.50, together with post-judgment interest on

19   the judgment at the rate of eighteen percent per annum, and costs in the sum of $510.00.  The

20   affidavits of Jeff Granja and exhibits attached thereto and the affidavit of plaintiff's counsel

21   support the entry of judgment in the amounts requested.

22                                    <u>CONCLUSION</u>

23              For the reasons set forth above, IT IS RECOMMENDED that:

24             1.  Plaintiff's motion for default judgment (Doc. No. 18) against defendants Super

25   Fresh Wholesale Foods, Inc., Howard Hartman, Jr., and Howard Hartman, III, be granted;

26             2.  Judgment be entered against the defendants in the principal sum of $10,323.01,

4

interest from September 8, 2010, to the date of judgment at the rate of $5.09 per day, reasonable attorneys fees in the sum of $1,137.50, together with post-judgment interest on the judgment at the rate of eighteen percent per annum, and costs in the sum of $510.00.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after these findings and recommendations are filed, any party may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 30, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

JMM
rohrerbros-superfresh.def